OFFICE OF DISCIPLINARY COUNSEL *v.* AMES.

[Cite as *Disciplinary Counsel v. Ames,*
99 Ohio St.3d 181, 2003-Ohio-2904.]

(No. 2002–1136—Submitted January 21, 2003—Decided June 18, 2003.)

---

**Per Curiam.**

{¶ 1} On July 12, 2001, relator, Disciplinary Counsel, filed a multicount complaint against respondent, Stephen P. Ames, Attorney Registration No. 0023444, charging numerous violations of the Code of Professional Responsibility. A panel of the Board of Commissioners on Grievances and Discipline heard the cause and prepared findings of fact and conclusions of law. The panel found no

misconduct as to the second Count IV[1] and Count V. Consequently, we relate only those findings and conclusions germane to the violations that respondent was found to have committed in the remaining counts.

{¶ 2} Counts I and II arose from the respondent's representation of Larry Williams and Richard Mickens, two of three clients incarcerated for various drug offenses. Delorise C. Lucas initially asked respondent to explore the possibility of early release for Mickens and the third client. On August 11, 1997, respondent agreed to do so for $750 for each man. Lucas consented to that amount, which she paid to respondent.

{¶ 3} Respondent learned of Williams's conviction and secured an agreement with Lucas to explore both early release and a new trial. The fee was set at $5,000 and was paid in installments by Lucas. Respondent also discovered that all three convictions included a gun specification that required a prison sentence that disqualified the three men from early release.

{¶ 4} Undeterred, respondent continued to believe that creative negotiation with the sentencing judge and prosecutor's office could achieve reduction of the sentences. Motivating this belief were three things: (1) respondent's belief that the sentences were unduly harsh, (2) the fact that the possession of one gun apparently by one individual had resulted in a gun specification for each defendant, and (3) an alleged discrepancy in the amount of drugs seized and the amount considered by the judge in sentencing.

{¶ 5} After reviewing the cases, respondent concluded that he could not secure early release or a new trial by any means for any of the defendants. He did, however, continue to accept installment payments from Lucas and continued to accept calls from defendant Williams on a weekly basis. Respondent received a total of $7,500, including $2,000 for psychological testing that ultimately was not done.

{¶ 6} Before the disciplinary complaint was filed, respondent, of his own accord, refunded $4,500 to Lucas, representing the $2,000 for psychological testing and half the fee for Williams. He also refunded an additional $1,000 after the panel hearing.

{¶ 7} Count III stemmed from respondent's representation of Theresa Endicott in a child-support matter. While respondent was successful in obtaining financial records from the father of Endicott's child, respondent twice missed scheduled hearings. His client eventually terminated his representation, and respondent promptly refunded her entire fee.

---

1. By mistake, two unrelated counts were both headed as Count IV.

{¶ 8} Finally, as to the first Count IV, Donna Fellure paid respondent $225 to prepare a simple will and quitclaim deed. The deed, however, remained unfiled for 17 months.

{¶ 9} The panel found a violation of DR 6–101(A)(3) (neglect of a legal matter entrusted to him) in Counts I and III. As to Count I, it additionally found a violation of DR 7–101(A)(2) (failure to carry out a contract of employment). As to Count II, the panel found no violation of DR 2–106(A) (charging an illegal of clearly excessive fee), based only on its mistaken belief that no violation of that rule had been charged in that count. Finally, as to the first Count IV, the panel found a violation of DR 6–101(A)(3).

{¶ 10} In mitigation, the panel stressed that respondent had never been the subject of a disciplinary proceeding previously and had completely cooperated with this one. It also noted that respondent had made good-faith efforts to refund unearned fees well before the filing of any grievance. It found that respondent possessed high ethical standards and that respondent's misconduct was attributable to an overly busy schedule rather than dishonest or selfish motives.

{¶ 11} The panel recommended a public reprimand. The board adopted the panel's findings of fact and conclusions of law, except that the board found a violation of DR 2–106(A) as charged in Count II. The board recommended a public reprimand.

{¶ 12} Upon review, we adopt the findings and conclusions of the board. However, in view of the multiple violations, we find that a more severe sanction, an actual suspension, is appropriate.

{¶ 13} Therefore, respondent is hereby suspended from the practice of law in Ohio for one year, with six months of the suspension stayed on the conditions that respondent refrain from any acts in violation of the Code of Professional Responsibility and that respondent pay the costs of these disciplinary proceedings.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY and O'CONNOR, JJ., concur.

PFEIFER, ABELE and LUNDBERG STRATTON, JJ., dissent.

PETER B. ABELE, J., of the Fourth Appellate District, sitting for COOK, J.

---

LUNDBERG STRATTON, J., dissenting.

{¶ 14} I respectfully dissent. Both the panel who heard the case and the board recommended a public reprimand. Because of the multiple offenses, the court

deemed that a more serious reprimand was warranted. However, I believe that a six-month actual suspension is too harsh in light of the nature of the offenses. In addition, there are mitigating factors that the panel noted, such as the prompt refund of fees and the lack of any prior disciplinary action. I would suspend the respondent for one year and stay the entire suspension.

{¶ 15} Therefore, I respectfully dissent.

PFEIFER and ABELE, JJ., concur in the foregoing dissenting opinion.

---

Jonathan E. Coughlan, Disciplinary Counsel, and Dianna M. Anelli, Assistant Disciplinary Counsel, for relator.

Charles W. Kettlewell and Charles J. Kettlewell, for respondent.